FILED
2006 Mar-20 PM 03:36
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **MARY LEE GRIFFIN,** | } |
| **Plaintiff,** | } |
| v. | } |
| **METROPOLITAN LIFE INSURANCE COMPANY, et al.,** | } Case No.: 2:06-CV-0135-RDP |
| **Defendants.** | } |

## MEMORANDUM OPINION

This case is before the court on Plaintiff's Motion to Remand (Doc. #9) filed on February 21, 2006. For the reasons outlined below, the motion is due to be denied.

### I.   INTRODUCTION AND PROCEDURAL HISTORY

In this insurance contract dispute, Plaintiff maintains that she was wrongfully denied life insurance benefits after the death of her estranged husband. (*See generally* Doc. #1 at Compl.). More specifically, Plaintiff complains that she, rather than, Patricia Griffin, the daughter of Mr. Griffin, is the rightful beneficiary under her deceased husband's (and Patricia Griffin's father's) life insurance policy with Defendant Metropolitan Life Insurance Company ("MetLife"). Defendants assert that consistent with MetLife's final decision approving Patricia Griffin's July 26, 2004 Change of Beneficiary Form (Doc. #13 at Ex. D), Patricia Griffin is the rightful recipient of the life insurance proceeds and nothing is owed to Plaintiff under the subject policy.

On January 20, 2006, Defendants MetLife and Bryce Willis ("Willis"), one of MetLife's employees, removed this lawsuit from the Circuit Court of Jefferson County to this court. (Doc. #1). Defendants' removal petition is premised upon diversity jurisdiction and maintains that Plaintiff has

fraudulently joined the in-state, individual defendant, Willis, and, therefore, this court should disregard his Alabama citizenship in assessing whether there is removal jurisdiction. (Doc. #1 ¶ 4). Plaintiff's motion to remand argues: (1) there is not complete diversity between the parties because of Willis, (2) Defendant has not sufficiently demonstrated the amount in controversy is met, and (3) the removal is procedurally defective because it is untimely.

Defendants filed an opposition to Plaintiff's Motion to Remand (Doc. #13) on February 28, 2006. After the filing of these initial briefs, the issues were fully discussed by the parties and Plaintiff chose not to file any reply. According to the briefing schedule order, the motion was deemed submitted for a decision on March 3, 2006. (Doc. #6).

## II.   ANALYSIS

### A.   Amount in Controversy

A removing party who is relying upon diversity jurisdiction has the burden of demonstrating by a preponderance of the evidence that the amount in controversy is more likely than not to exceed $75,000.00, exclusive of interest and costs. *E.g., Tapscot v. Mississippi Dealer Serv. Corp.*, 77 F.3d 1353, 1357 (11th Cir. 1996), *abrogated on other grounds by Cohen v. Office Depot, Inc.*, 204 F.3d 1069 (11th Cir. 2000). Defendants have satisfied their burden. Plaintiff seeks compensatory, mental anguish, and punitive damages for her claims of breach of contract, bad faith, and misrepresentation. (*See generally* Doc. #1 at Compl.). The face amount of the policy is $40,000.00. (Doc. #13 at Ex. B). Therefore, pursuant to Ala. Code § 6-11-21, the range of punitive damages alone (and exclusive of any other damages type) that are available to Plaintiff is between $120,000.00 and $500,000.00; both of these figures are well over the $75,000.00 jurisdictional requirement.

In addition (and in sharp contrast to the removing insurer in *Nimrod v. America Merchant Life Ins. Co.*, 190 F. Supp. 2d 1282 (M.D. Ala. 2002) cited by Plaintiff), Defendants have analyzed multiple Alabama Supreme Court decisions affirming jury verdicts in excess of $75,000.00. for litigants similarly situated to Plaintiff.  As such, Defendants have sufficiently demonstrated why the allegations of Plaintiff's Complaint involve an amount in controversy that is more likely than not to exceed $75,000.00, exclusive of interest and costs.

**B.     Timeliness of Notice of Removal**

28 U.S.C. § 1446(b) states in pertinent part that a "Notice of Removal of a civil action or proceeding shall be filed within thirty days after the receipt by the Defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . . ."  Plaintiff maintains that Defendants should have filed their Notice of Removal within 30 days of her pre-litigation discovery request under Rule 27 of the Alabama Rules of Civil Procedure.  However, unlike the specificity included in the pre-litigation discovery request in *Christian, Klein, & Cogburn v. National Association of Security Dealers, Inc.*, 970 F. Supp. 276, 278 (S.D.N.Y. 1997), Plaintiff's request does not set forth any claim for relief against Defendants and merely indicates that she "expects to be a party in an action in this Court but is presently unable to bring said action without knowledge of documents in the possession of Metropolitan Life Insurance Company." (Doc. #11 at Ex. 1 ¶ 1).

Additionally, and as a general matter, the court has doubts about whether a pre-litigation discovery request can ever be the equivalent of a "pleading" from which "it may be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b).  At a minimum though,

Plaintiff's Rule 27 request in this case is not the equivalent of a pleading. Therefore, the court concludes that Defendants' Notice of Removal based upon Plaintiff's service of her Complaint (as opposed to her Rule 27 request) was timely.

### C. Fraudulent Joinder

The court has studied the parties' arguments on the issue of fraudulent joinder, including the evidence and cases offered in support of their respective positions. The Eleventh Circuit extensively addressed the issue of removal based on diversity jurisdiction when it is alleged that a non-diverse defendant has been fraudulently joined in *Crowe v. Coleman*, 113 F.3d 1536 (11th Cir. 1997). There the court stated:

> In a removal case alleging fraudulent joinder, the removing party has the burden of proving that either: (1) there is no possibility the plaintiff can establish a cause of action against the resident defendant; or (2) the plaintiff has fraudulently pled jurisdictional facts to bring the resident defendant into state court. *Cabalceta v. Standard Fruit Co.*, 883 F.2d 1553, 1561 (11th Cir. 1989). The burden of the removing party is a 'heavy one.' *B. Inc. v. Miller Brewing Co.*, 663 F.2d 545, 549 (5th Cir. Unit A 1981).

*Crowe*, 113 F.3d at 1538.[1] The standard is onerous because, absent fraudulent joinder, the plaintiff has the absolute right to choose her forum. That is, courts must keep in mind that the plaintiff is the master of her complaint and has the right to choose how and where she will fight her battle.

> This consequence makes sense given the law that "absent fraudulent joinder, plaintiff has the right to select the forum, to elect whether to sue joint tortfeasors and to prosecute his own suit in his own way to a final determination." *Parks v. The New*

---

[1]Under the second prong of the fraudulent joinder test, the court must determine whether Plaintiff has fraudulently pled facts relating to a party's citizenship in an effort to avoid diversity jurisdiction. No issue related to the second prong exists in this case. Accordingly, the court limits its analysis to the first inquiry. In relation to that issue, the parties are in agreement that the appropriate standard for the court to apply with respect to the fraud claim asserted by Plaintiff is whether there is any possibility that she can establish a cause of action against Willis, the non-diverse defendant. *Cabalceta*, 883 F.2d at 1561.

> *York Times Co.*, 308 F.2d 474, 478 (5th Cir. 1962). The strict construction of removal statutes also prevents "exposing the plaintiff to the possibility that he will win a final judgment in federal court, only to have it determined that the court lacked jurisdiction on removal," see *Cowart Iron Works, Inc. v. Phillips Constr. Co., Inc.*, 507 F. Supp. 740, 744 (S.D. Ga. 1981) (quoting 14A C. Wright, A. Miller & E. Cooper, *Federal Practice and Procedures* § 3721), a result that is costly not only for the plaintiff, but for all the parties and for society when the case must be re-litigated.

*Id.* at 1538.

To establish fraudulent joinder of a resident defendant, the burden of proof on the removing party is a "heavy one," requiring clear and convincing evidence. Although affidavits and depositions may be considered, the court must not undertake to decide the merits of the claim while deciding whether there is a *possibility* that a claim exists. The *Crowe* court reiterated:

> While 'the proceeding appropriate for resolving a claim of fraudulent joinder is similar to that used for ruling on a motion for summary judgment under FED. R. CIV. P. 56(b),' [*B. Inc., v. Miller Brewing Co.*, 663 F.2d 545, 549, n.9 (5th Cir., Unit A 1981)], the jurisdictional inquiry 'must not subsume substantive determination.' *Id*. at 550. Over and over again, we stress that 'the trial court must be certain of its jurisdiction before embarking upon a safari in search of a judgment on the merits.' *Id*. at 548-49. **When considering a motion for remand, federal courts are not to weigh the merits of a plaintiff's claim beyond determining whether it is an arguable one under state law.** *See id.* 'If there is even a possibility that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court must find that joinder was proper and remand the case to state court.' *Coker v. Amoco Oil Co.*, 709 F.2d 1433, 1440-41 (11th Cir. 1983), *superseded by statute on other grounds as stated in Georgetown Manor, Inc. v. Ethan Allen, Inc.*, 991 F.2d 1533 (11th Cir. 1993).

*Id*. at 1538 (emphasis added).

More recently, in *Tillman v. R.J. Reynolds Tobacco*, 253 F.3d 1302 (11th Cir. 2001), the Eleventh Circuit emphasized the limits of the fraudulent joinder analysis, stating:

> For removal under 28 U.S.C. § 1441 to be proper, no defendant can be a citizen of the state in which the action was brought. 28 U.S.C. § 1441(b). Even if a named defendant is such a citizen, however, it is appropriate for a federal court to dismiss such a defendant and retain diversity jurisdiction if the complaint shows there is no

> possibility that the plaintiff can establish any cause of action against that defendant. *See Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998). "If there is even a possibility that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court must find that the joinder was proper and remand the case to the state court." *Coker v. Amoco Oil Co.*, 709 F.2d 1433, 1440-41 (11th Cir. 1983), *superceded by statute on other grounds as stated in Wilson v. General Motors Corp.*, 888 F.2d 779 (11th Cir. 1989). "The plaintiff need not have a winning case against the allegedly fraudulent defendant; he need only have a *possibility* of stating a valid cause of action in order for the joinder to be legitimate." *Triggs*, 154 F.3d at 1287 (emphasis in original).

*Id.* at 1305; *see also Tillman v. R.J. Reynolds Tobacco*, 340 F.3d 1277, 1279 (11th Cir. 2003) ("[I]f there is a possibility that a state court would find that the complaint states a cause of action against any of the resident defendants, the federal court must find that the joinder was proper and remand the case to state court.").

"A claim of fraudulent joinder must be pleaded with particularity, and supported by clear and convincing evidence." *Parks*, 308 F.2d at 478 (citations omitted). "The burden of the removing party is a 'heavy one.'" *Crowe*, 113 F.3d at 1538 (citation omitted). Regarding the application of the fraudulent joinder standard, the Eleventh Circuit has explained:

> In terms of this circuit's law, the main point for us is this one: For a plaintiff to present an arguable claim against an in-state defendant and, therefore, to require a case removed to federal court to be remanded to state court, the plaintiff need not show that he could survive in the district court a motion for summary judgment filed by that in-state defendant. For a remand, the plaintiff's burden is much lighter than that: after drawing all reasonable inferences from the record in the plaintiff's favor and then resolving all contested issues of fact in favor of the plaintiff, there need only be 'a reasonable basis for predicting that the state law *might* impose liability on the facts involved.'

*Crowe*, 113 F.3d at 1541-42 (citation omitted) (emphasis added in *Crowe* opinion). In a later fraudulent joinder decision, the Eleventh Circuit elaborated as follows:

> The fact that the plaintiffs may not ultimately prevail against the individual defendants because of an insufficient causal link between the defendants' actions and

6

> the plaintiffs' injuries does not mean that the plaintiffs have not stated a cause of action for purposes of the fraudulent joinder analysis. In a fraudulent joinder inquiry, 'federal courts are not to weigh the merits of a plaintiff's claim beyond determining whether it is an arguable one under state law.' *Crowe*, 113 F.3d at 1538.

*Pacheco de Perez v. AT & T Co.*, 139 F.3d 1368, 1380-81 (11th Cir. 1998).

Plaintiff's only claim against Defendant Willis is for misrepresentation. (Doc. #1 at Compl. ¶¶ 27-34). To prove such a cause of action, a plaintiff must satisfy the following *prima facie* elements: (1) a false representation, (2) of a material fact, (3) reasonable reliance to her detriment, and (4) damages proximately caused by the reliance. *Kenny v. Williams*, 886 So. 2d 753 (Ala. 2003); *Willingham v. United Ins. Co.*, 628 So. 2d 328 (Ala. 1993); Ala. Code § 6-5-101 (1975).

In support of their fraudulent joinder argument, Defendants have challenged Plaintiff's ability to state a claim for misrepresentation against Willis for two reasons: (i) Plaintiff cannot show a false representation; and (ii) Plaintiff cannot show detrimental reliance. More specifically, as it pertains to item (i), Defendants argue that at the time that Defendant Willis informed Plaintiff that MetLife's system listed her as a beneficiary, his statement was true (*i.e.,* not a misrepresentation) because MetLife had not yet made a final decision regarding Patricia Griffin's July 26, 2004 Change of Beneficiary Form. Additionally, the undisputed evidence shows that Defendant Willis had no knowledge about the pending change request at the time that he initially spoke with Plaintiff. As for item (ii), Defendants maintain that because Plaintiff's decision to file a claim for benefits occurred prior to her initial contact with Defendant Willis, their communication with each other on August 16, 2004, necessarily could not have caused her to "act in a way [that she] would not otherwise have acted." *Hunt Petroleum Corp. v. State*, 901 So. 2d 1, 5 (Ala. 2004).

7

In determining fraudulent joinder, the Eleventh Circuit expressly forbids this court from delving into the weight of the merits of a claim beyond determining whether "there is even a possibility that a state court would find that the" plaintiff has stated a claim against the resident defendant. *Crowe*, 113 F.3d at 1538. Similarly, "[t]o determine whether the case should be remanded, the district court must evaluate the factual allegations in the light most favorable to the plaintiff and must resolve any uncertainties about state substantive law in favor of the plaintiff." *Id.*

In addressing Plaintiff's motion, this court is mindful of the Eleventh Circuit's admonishments concerning the proper depth in which a district court should venture in deciding the fraudulent joinder question. *Id.* However, in reaching the conclusion that fraudulent joinder exists in this case the court is not required to impermissibly overreach into the relative substance of Plaintiff's claim because based upon the undisputed version of events before it. Moreover, resolving any doubts about the facts in Plaintiff's favor, the court nevertheless concludes Plaintiff can prove no set of facts that would support her misrepresentation theory against Defendant Willis. First, Plaintiff is unable to show that Defendant Willis lied to her when he accessed and read to her the beneficiary information as indicated on MetLife's database which reflected Plaintiff's name as the beneficiary. At that time, MetLife had not yet made a final decision on whether to change the listed beneficiary to Patricia Griffin. Therefore, when Willis read the information to Plaintiff, he did so accurately. Second (and alternatively), Plaintiff is unable to show that she modified her planned course of action after speaking with Defendant Willis; to the contrary, she continued down the same path of filing a claim for life insurance benefits. Accordingly, Defendants have carried their weighty burden of showing by clear and convincing evidence that Plaintiff has no possibility of prevailing on misrepresentation as stated against Defendant Willis. Therefore, the court determines that

Plaintiff has fraudulently joined Defendant Willis in this action and that, as a result, Defendant Willis is due to be dismissed with prejudice from the case.

### III.  CONCLUSION:

For the reasons stated above, the court finds Defendants have not met their heavy burden of demonstrating fraudulent joinder with respect to Plaintiff's misrepresentation claim against Defendant Willis and has otherwise satisfied the court that removal is proper based upon diversity jurisdiction.  Accordingly, Plaintiff's Motion to Remand is due to be denied, and Defendant Willis is due to be dismissed with prejudice.  The court will enter an order consistent with this Memorandum Opinion.

**DONE** and **ORDERED** this ___20th___ day of March, 2006.

                                                **R. DAVID PROCTOR**
                                                UNITED STATES DISTRICT JUDGE